Last revised: August 1, 2017

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

IN RE:    **Arlette Hernandez**                                    Case No.:    17-34160
                                                                   Judge:       VFP

                              Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required         Date:    1/29/2018
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

| Part 1: Payment and Length of Plan |
|---|

    a. The debtor shall have paid **$7,050.00** to the Chapter 13 Trustee thru February, 2018 and shall pay **$ 250.00 Monthly** to the Chapter 13 Trustee, starting on **March, 2018** for approximately **33** months.

    b. The debtor shall make plan payments to the Trustee from the following sources:
        ☑ Future Earnings
        ☐ Other sources of funding (describe source, amount and date when funds are available):

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

    c. Use of real property to satisfy plan obligations:

- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☑ Loan modification with respect to mortgage encumbering property:
  Description: **51 Willard Avenue, Bloomfield NJ, 07003 with Specialized Loan Servicing**
  Proposed date for completion: **6/30/2018**

    d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection  ☑ NONE

    a. Adequate protection payments will be made in the amount of $ **2091,00** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to **Specialized Loan Servicing   for three (3) payments ($6,273.00 total)** (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
|  | Administrative |  |
| -NONE- |  |  |
|  |  | 0.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Part 4: Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Specialized Loan Servicing** | **51 Willard Avenue Bloomfield, NJ 07003 subject to lien(s) on schedule D** | 163,000.00 | | $0.00 to arrears during LMP | $2091.00 as APP directly to SLS outside plan beginning in April,2018 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| **-NONE-** | | | | |

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

    1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| Chase | 51 Willard Avenue Bloomfiled, NJ 07003 | 39,000.00 | 285,000.00 | 454,000.00 | $0.00 | | $0.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **-NONE-** | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor

**Toyota Motor Credit Corp.**

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **-NONE-** | | |

## Part 5: Unsecured Claims ☐ NONE

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

        ☐    Not less than $___ to be distributed *pro rata*

        ☐    Not less than ___ percent

        ☑    *Pro Rata* distribution from any remaining funds

    b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| -NONE- | | | |

## Part 6: Executory Contracts and Unexpired Leases ☑ NONE

    (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

    All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| -NONE- | | | | |

## Part 7: Motions ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

    The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **Chase** | 51 Willard Avenue Bloomfield, NJ 07003 Essex County | **Second Mortgage** | 39,000.00 | 285,000.00 | 453,983.74 | 0.00 | 100% (39,000.00) paid pro rata unsecured |

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

   The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) **Other Administrative Claims**
   3) **Secured Claims**
   4) **Lease Arrearages**
   5) **Priority Claims**
   6) **General Unsecured Claims**

d. **Post-petition claims**

   The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9 :  Modification  ☑ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified:  **1/29/2018**                    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **APP payments during LMP paid outside plan** | **APP during LMP paid directly to SLS outside plan** |

Are Schedules I and J being filed simultaneously with this modified Plan?    ☐ Yes    ☑ No

## Part 10 :  Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☐ NONE
☑ Explain here: Debtor's attorney fees are paid hourly thru fee application/not a no look fee plan.

6

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | **January 29, 2018** | /s/ **Andrea Silverman** |
|---|---|---|
| | | **Andrea Silverman** |
| | | Attorney for the Debtor |
| Date: | **January 29, 2018** | /s/ **Arlette Hernandez** |
| | | **Arlette Hernandez** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

**Signatures**

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

| Date | **January 29, 2018** | /s/ **Andrea Silverman** |
|---|---|---|
| | | **Andrea Silverman** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | **January 29, 2018** | /s/ **Arlette Hernandez** |
|---|---|---|
| | | **Arlette Hernandez** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

7

United States Bankruptcy Court
District of New Jersey

In re:
Arlette Hernandez
    Debtor

Case No. 17-34160-VFP
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2     Date Rcvd: Jan 30, 2018
                  Form ID: pdf901     Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 01, 2018.
```
db              +Arlette Hernandez,    51 Willard Avenue,    Bloomfield, NJ 07003-4830
517204139       +Buckley Madole, PC,    99 Wood Avenue South, Ste 803,    Iselin, NJ 08830-2713
517204141        Chase,    PO Box 78035,    Phoenix, AZ 85062-8035
517204143       +Ganj,    PO Box 51074,    Newark, NJ 07101-5174
517204144       +Hackensack UMC/Mountainside,    1 Bay Avenue,    Montclair, NJ 07042-4837
517204146       +Mohela,    PO Box 10537,    Atlanta, GA 30310-0537
517204147        Phoenix Financial Services, LLC,    PO Box 361450,    Ste 200,    Cincinnati, OH 45236
517204148       +Premier Endoscopy, LLC,    164 Brighton Road,    Clifton, NJ 07012-1499
517204149       +Specialized Loan Servicing, LLC,    PO Box 636005,    Littleton, CO 80163-6005
517204150       +Summit Medical Group,    PO Box 14000,    Belfast, ME 04915-4033
517204151       +System,    PO Box 29948,    New York, NY 10087-9948
517204153      ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court:   Toyota Motor Credit Corp.,     5005 N. River Blvd. NE,
                  Cedar Rapids, IA 52411-6634)
517226556       +The Bank of New York Mellon Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                  8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517204152       +Toyota,    PO Box 5326,    Carol Stream, IL 60197-5326
517298851       +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                  Addison, Texas 75001-9013
517216865       +U S Department of Education/MOHELA,    633 Spirit Drive,    Chesterfield, MO 63005-1243
517204154       +Wells Fargo,    PO Box 77053,    Minneapolis, MN 55480-7753
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Jan 30 2018 23:18:41     U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 30 2018 23:18:39     United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ 07102-5235
517204140       +E-mail/Text: bankruptcy@certifiedcollection.com Jan 30 2018 23:18:29
                  Certified Credit & Collection Bureau,    PO Box 1750,    Whitehouse Station, NJ 08889-1750
517204142       +E-mail/Text: ebn@barnabashealth.org Jan 30 2018 23:19:03     Clara Mass Medical Center,
                  PO Box 29948,    New York, NY 10087-9948
517232571       +E-mail/PDF: hcscollections@verizon.net Jan 30 2018 23:15:19     HCS Collections,    PO Box 306,
                  Waldwick, NJ 07463-0306
517204145        E-mail/Text: cio.bncmail@irs.gov Jan 30 2018 23:18:21     Internal Revenue Service,
                  SBSE/Insolvency Unit of the IRS,    PO Box 330500-Stop 15,    Detroit, MI 48232
                                                                                               TOTAL: 6
```

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 01, 2018                                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 29, 2018 at the address(es) listed below:
```
              Andrea   Silverman    on behalf of Debtor Arlette  Hernandez court@andreasilvermanlaw.com,
               r62214@notify.bestcase.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    The Bank of New York Mellon, f/k/a The Bank of New
               York, as successor-in-interest to JPMorgan Chase Bank, N.A., as Trustee for Bear Stearns Asset
               Backed Securities Trust 2005-SD3, Asset-Backed Certifi rsolarz@kmllawgroup.com
```

```
District/off: 0312-2          User: admin              Page 2 of 2         Date Rcvd: Jan 30, 2018
                              Form ID: pdf901          Total Noticed: 23
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                         TOTAL: 4